# Oakley v. Oakley.

*Action of Assumpsit.*

1. *Executors and administrators; res judicata as between joint admin-istrators.*—An order of the probate court in the final settlement of the administration of an estate by joint administrators, awarding a certain sum to one of the administrators for extra services, is not a conclusive adjudication against the other administrator as to the right of the one to whom the allowance was made to the entire sum so awarded; and in an action by the other administrator against his co-administrator, a replication by the plaintiff to the defendant's plea setting up the order of the probate court as *res judicata* against the plaintiff, that the plaintiff, as joint administrator performed one-half, or more than one-half, of the extra services in the administration of the estate, for which the sum was allowed by the court to the defendant, presents a complete answer to the plea, and is not demurrable.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

This action was brought by the appellant against the appellee. The facts of the case are sufficiently stated in the opinion.

Upon the court sustaining the defendant's demurrer to the plaintiff's replication to defendant's plea, the plaintiff declined to plead further, and the court rendered judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the trial court upon the pleadings, and the rendition of judgment for the defendant.

ELLISON, JONES, MAYFIELD & BROWN, for appellant.—
1. The decree of the probate court does not possess any of the necessary attributes so as to be *res adjudicata* as to this suit. (1.) The parties plaintiff and defendant were not the same. (2.) The subject matter was not the same. (3.) The issues involved were not the same. (4.) In the probate court they acted jointly in a representative capacity, and not individually. (5.) In this suit they are adverse parties. (6.) The probate court

had no jurisdiction to decide the issues involved in this suit in their individual capacities. The essential elements of *res adjudicata* are, that the parties must be the same, the subject matter the same, the point must be directly in question, and the judgment must be rendered on that point.— 3 Brick. Dig., 580, § 79; *Gilbreath v. James*, 66 Ala. 129; *McCall v. Jones*, 72 Ala. 368.

2. If the plaintiff performed one-half of the extra services for which the commission of eight hundred dollars was allowed, then in equity and good conscience, she was entitled to one-half of the commissions; and because the claim is allowed in the name of one administrator does not bar the other of the right to sue for money had and received and recover her share. Courts of probate, in matters of settlements of executors and administrators, do not and can not settle equities between the several personal representatives. It deals with all as a whole, and will not attempt to say what part of the compensation is due to the one or the other. It has no jurisdiction for that purpose; hence, if it should attempt to do so, its decree would be absolutely void, not binding on either party. It deals with them solely in their representative capacities. Hence, as to the division of commissions among their several co-administrators, the probate court has nothing to do. The law does not attempt to say that each is entitled to such commissions; but the commissions are allowed as a whole by the court to personal representatives. If one should receive more than his share, the remedy of the other is in a court of law, not in the probate court.—Woener on Administrators, 1170; *Wickersham's Appeal*, 64 Pa. St. 67; *Speirs v. Wisner*, 50 N. W. Rep. 654; *In re Meckle's Estate*, 11 Pa. Co. Ct. Rep. 13.

HOGUE & LAVENDER, *contra*.—All the parties to this suit were before the probate court. Said court had jurisdiction of the subject matter and of the parties. There was, therefore, a complete adjudication of the defendant's right to the sum awarded him, which was conclusive upon the plaintiff's right to maintain the present suit.—*Tankersly v. Pettus*, 71 Ala. 179; *Kennedy v. Bank*, 107 Ala. 170; *Knabe v. Rice*, 106 Ala. 516; *McNelly v. Hyde*, (La.) 15 So. Rep. 167; 7 Wait's Ac-

tions & Defenses, 786–788 ; 21 Amer. & Eng. Encyc. of Law, 262 and note.

HEAD, J.—These parties were joint-administrator and administratrix of the estate of Wm. Oakley, deceased, which was administered and settled in the probate court of Bibb county. On the joint final settlement of their administration, an allowance of $800 was made by the court to the administrator, Fielding Oakley, "for extra services rendered by him" to the estate, and he received and enjoyed that sum from the assets of the estate, the administratrix, Mrs. N. P. Oakley, realizing and enjoying no part thereof. She now brings this action, on the common counts, to recover of Fielding Oakley one-half of said sum. The defendant, by special plea, set up the nature of plaintiff's demand, and the fact that the sum was allowed by the court to the defendant for extra services rendered by him, and concluded that the matter was *res judicata.* The plea did not otherwise negative that any part of the services for which the allowance was made, was rendered by the plaintiff, as administratrix. The court overruled a demurrer to the plea, properly testing its sufficiency, and the plaintiff replied that as joint and co-administratrix with defendant of said estate, she performed one-half, or more than one-half, of the extra services in the administration of the estate, for which said $800 was allowed by the court to the defendant. The court sustained a demurrer to the replication, on the ground that the allowance by the court to the defendant, was a conclusive adjudication against plaintiff's claim to have or receive any part of the same.

The parties to the settlement in question, were personal representatives on the one side, and the distributees of the estate on the other. The subject matter of the proceeding was the accounting of the representatives with the distributees, a judicial determination, as between them, of the manner in which the former had adminsistered their trust, and the transfer to, and distribution of the assets remaining, among the distributees. There could be no possible issue or antagonism between the two representatives jointly settling their joint administration, of which the court of probate could take cognizance. In contemplation of law, their interests were identical and inseparable in that proceeding. If

there were inequalities or conflicts of interest between them, in reference to the administration, they must need have been adjudicated in other forums, where the issues could be properly made up for trial between themselves, as adversary parties. The allowance of the sum of money, in controversy, was the adjudication of an issue between the representatives on one side, and the distributees on the other. None other than a distributee could except to the allowance, or the manner thereof. An appeal therefrom could only be prosecuted by a distributee, or more or all of them. The administratrix could not have appealed against her co-administrator. Let it be supposed that she was there, protesting that the extra service had been rendered by both, and that the allowance should be made in the names of both, while the distributees sat by with their lips closed, from what principle of the statute or organism of the court, did the probate court derive jurisdiction to adjudge the controversy? And if adjudicated adversely to the administratix, what remedy had she to revise the judgment? Suppose it were conceivable that these representatives could, by judicial proceedings in another court, have coerced collection of the demand for extra services from the distributees, and one of them (the administrator) had sued and recovered the money in his own name and right, it would be nowhere contended that the administratrix was estopped to show that a part of the sum *ex equo et bono* belonged to her, by reason of the fact that she shared the rendition of the services for which the money was collected. She had no day in court on the question of her right. Assuming the appropriateness of such a proceeding as the above supposed, she could not legally have been a party to it, in a court of law, wherein a judgment excluding her rights could legally have been rendered. So, in the probate court, she was not, nor could she be, a party to any proceedings having for its object the determination of any right of hers in respect of such a demand, except as against, and in favor of, the distributees. A judgment does not conclude rights not involved in the issue tried. Thus, again for illustration, if the administrators had paid A. a claim by him preferred against the estate, which *ex equo et bono* belonged to B., and had obtained allowance for it, on their settlement, in the probate court, with the distribu-

tees, as a claim properly paid to A., the rightfulness of the payment would be adjudicated between the administrators and the distributees, but B.'s rights would not be affected.   It would be open to him to recover from A., in the action for money had and received.

Upon these principles, the replication was good, and the demurrer to it was improperly sustained.

The plea to which the replication was interposed, while not showing *res judicata*, does show that the money sued for, *prima facie* belonged to the defendant.   The case is the same, on the face of the plea, as if the amount had been paid to him extra-judicially.   There is no presumption of law that the extra services were rendered by both, and the compensation having been paid to defendant, as for services rendered by him, it devolves upon plaintiff to show, as she alleged in her replication, that she shared in their rendition, and the extent of her equitable interest in the fund, by reason thereof.—7 Am. & Eng. Ency. of Law, 441. The plea thus construed, rejecting its conclusion of *res judicata*, is good, and the demurrer to it was properly overruled.

. Reversed and remanded.